By the Court, Bronson, J.
The defendants should have moved for a change of venue in December. Instead of doing so, they waited eighty days after service of the declaration, and then served their papers when there was nothing but an intervening Sunday before the circuit commenced. The order of the commissioner, which should not have been granted, was retained seven days before it was served; and it is but reasonable *381 to suppose that this course was taken for the purpose of preventing a revocation of the order in season for the circuit. The whole was apparently a trick to gain time, and the question is whether it must succeed. Although the facility with which orders to stay proceedings are obtained has become a great evil, we cannot allow them to be disregarded without producing other mischiefs of a serious nature. It is unnecessary, however, to say what might be tolerated in an extreme case, for I am of opinion that the plaintiffs were regular. This was an order to stay for the purpose of moving to change the venue; and the 94th rule provides, that “such order shall not stay the plaintiff in putting the cause at issue, or taking any other step except giving notice and subpoenaing witnesses for the trial.” The cause had been noticed for trial, and the subpoenas were served—the only things to which the stay extends—before the order was served. It is quite clear that the plaintiffs have not transgressed the letter of the rule, and I feel no disposition to extend the influence of such orders by construction. If the defendant wishes a stay of proceedings for the purpose of asking a change of venue, he must serve the order before the cause is noticed for trial. This will always give him twenty days after service of the declaration, and that is time enough. But if the defendant sometimes suffers inconvenience, the evil is not to be compared with the one which might follow from the adoption of a different rule of practice. There are' probably two hundred oflicers in the state who have been clothed with power to arrest the progress of legal proceedings, and their number is increased at every session of the legislature.
So far as the motion goes on the ground of irregularity it must fail. Beyond that there is nothing but the common affidavit of merits. Such an affidavit is not enough to induce us to set aside a regular judgment, where the defendants have brought the difficulty upon themselves by an attempt to throw the cause over a circuit, or by any other improper contrivance to obtain time. They should have spread out their case so that we could see that injustice would be done if relief was not granted.
Motion denied.